EASTERN DIST.
*April*, 1835.

BERTOT ET AL.
*vs.*
TANNER.

## BERTOT ET AL. *vs.* TANNER.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The jury are the proper judges in cases turning on questions of fact, and particularly in reference to the value of property, when fraud and lesion are at issue. When there is nothing in the record to authorise it, the verdict in such case will not be disturbed.

This is an action to rescind the sale of a tract of land on account of fraud and lesion on the part of the purchaser.

The plaintiffs allege they are the heirs and legal representatives of Charles Bertot, deceased, who was the owner of a tract of valuable land lying in the Parish of Terrebonne ; that the defendant on the 4th of April, 1828, by fraud and contrivance induced their said ancestor to sell to him the said land for three hundred dollars, greatly below its value, and more than one-half less than its real value, by which the seller was aggrieved on account of the said fraud and lesion.

They pray that the sale be concelled and annulled, and such decree made therein as may be just and legal.

The defendant pleaded the general issue.

This cause, on the evidence relating to the value of the land, and the facts and circumstances attending the sale, was.

submitted to a jury who found a verdict for the defendant. Judgment being rendered theron, the plaintiff appealed. See 3 *Louisiana Reports*, 252.

On the return of the case to the District Court, the cause was again tried and a verdict for the defendant. From the judgment rendered in the case, the plaintiff again appealed.

*Nicholls*, for the plaintiffs.

*Porter*, *contra*.

*Bullard, J.*, delivered the opinion of the court.

The plaintiffs claim the rescission of the sale of a tract of land by their ancestor to the defendant on the ground of fraud, and of lesion beyond one-half its just value. The defendant answered by a general denial, and two successive juries have rendered verdicts in his favor. The first verdict was set aside and a new trial granted by judgment of this court, on the ground that certain evidence was rejected which ought to have been admitted. 3 *Louisiana Reports*, 252. On the second trial the jury again found for the defendant and the plaintiffs appealed.

The record contains no bill of exception, nor does the appellant complain of the charge given to the jury. He has not furnished us with any points upon which he relies for a reversal of the judgment rendered in the District Court. The case turns altogether on questions of fact and particularly in reference to the just value of the property conveyed to the defendant. A jury of the parish in which the land is situated, with a better means of judging both of the value of the property and the credibility of the witnesses, than we can possibly obtain, has pronounced in favor of the defendant, and we see nothing in the record which would authorise us to disturb the verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Margin notes:*
EASTERN DIST.
*April*, 1835.

BERTOT ET AL.
*vs.*
TANNER.

The jury are the proper judges in cases turning on questions of fact, and particularly in reference to the value of property, when fraud and lesion are at issue. When there is nothing in the record to authorise it, the verdict in such case will not be disturbed.